The Honorable John Pagan State Senator 6907 Lucerne Drive Little Rock, AR 72205
Dear Senator Pagan:
This is in response to your request for an opinion on the following questions:
 Whether A.C.A. § 18-46-101 et seq. applies to home infusion pharmacies which provide intravenous medicines, nutrients, and associated nursing services to patients in their home environment and/or in nursing homes? Is such a pharmacy or pharmacist a `practitioner' under § 18-46-102 and/or § 17-93-202?
It should be initially noted that the answer to your second question will be determinative of the first. Assuming that, as a factual matter, the services of the pharmacy or pharmacist in this regard are performed pursuant to a license to practice pharmacy (A.C.A. § 17-91-101 et seq. (Repl. 1992)), or do not otherwise fall within the licensing provisions of the Arkansas Medical Practices Act (A.C.A. § 17-93-201 et seq. (Repl. 1992)) or the provisions governing the practice of professional nursing (A.C.A. § 17-86-101 et seq. (Repl. 1992)), it is my opinion that A.C.A. § 18-46-101 et seq. ((1987 and Cum. Supp. 1991), the Medical, Nursing, and Hospital Lien Act) will not be applicable.
The Medical, Nursing, and Hospital Lien Act, Sections 18-46-101
-117 (1987 and Cum. Supp. 1991), provides a means whereby a right of lien may be created for a "practitioner, nurse, or hospital" providing treatment services for patients who suffered injury through no fault or neglect of their own. A.C.A. §§ 18-46-104 and -105 (1987). See also Buchanan v. Beirne Lumber Co.,197 Ark. 635, 124 S.W.2d 813 (1939). Section 18-46-102 defines "practitioner" as "a person licensed to treat human ailments under the provisions of § 17-93-202 et seq . . .," (the Medical Practices Act). Subsection (2) of A.C.A. § 17-93-202
(Repl. 1992) includes within the definition of "practice of medicine:"
 (A) Holding out one's self to the public . . . as being able to diagnose, treat, prescribe for, palliate, or prevent any human disease, ailment, injury, deformity, or physical or mental condition, whether by the use of drugs, surgery, manipulation, electricity, or any physical, mechanical, or other means whatsoever;
 (B) Suggesting, recommending, prescribing, or administering any form of treatment, operation, or healing for the intended palliation, relief, or cure of any physical or mental disease, ailment, injury, condition, or defect of any person with the intention of receiving, either directly or indirectly, any fee, gift, or compensation whatsoever. . . .
A "pharmacy" is defined at A.C.A. § 17-91-101(4) (Repl. 1992) as "the place licensed by the [Arkansas State] board [of Pharmacy] in which drugs, chemicals, medicines, prescriptions, and poisons are compounded, dispensed, or sold at retail." The "practice of pharmacy" is defined at § 17-91-101(14)(A) to include "the learned profession of:"
 (i) Dispensing, selling, distributing, transferring possession of, vending, or bartering drugs, medicines, poisons, or chemicals which, under the laws of the United States or the State of Arkansas, may be sold or dispensed only on the prescription of a practitioner authorized by law to prescribe drugs, medicines, poisons, or chemicals. . . .
Your question makes reference to "pharmacies" and "pharmacists" which "provide medicines, nutrients, and associated nursing services." I have not been provided with specific facts surrounding these activities. I assume, however, that the practices these pharmacies are undertaking fall within their license as a pharmacy pursuant to A.C.A. § 17-91-101, or do not otherwise require licensure as a "practitioner" (see discussion above) or nurse, and that the pharmacy is not a hospital. Thus, while the nature of any particular act performed may raise a factual question, as a legal matter, only a "practitioner,"i.e., one licensed under the provisions of the Medical Practices Act, or a nurse or a hospital may avail itself of the Medical Lien Act. A.C.A. § 18-46-104. Accordingly, those performing services pursuant only to a license as a pharmacy could not, in my opinion, avail themselves of the provisions of A.C.A. §§ 18-46-101—117.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh